**AMANDA L. MYERS**
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 3447
Great Falls, MT 59403
119 First Ave. North, #300
Great Falls, MT 59401
Phone: (406) 761-7715
Email: amanda.myers@usdoj.gov

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 25-61-GF-BMM** |
| Plaintiff, | |
| vs. | **UNITED STATES'S SENTENCING MEMORANDUM** |
| **ODILON VALDES-DE JESUS,** | |
| Defendant. | |

The United States of America, represented by Assistant U.S. Attorney Amanda L. Myers, files this sentencing memorandum in anticipation of the July 16, 2025 sentencing hearing.

## INTRODUCTION

Odilon Vades-de Jesus pleaded guilty to the crime of illegal reentry, in violation of 8 U.S.C. § 1326(a). The advisory guideline range (total offense level

1

four and a criminal history category I) is zero to six months. The statutory maximum for the crime of illegal reentry for the first time is two years imprisonment, a $250,000 fine, and three years of supervised release. There are no objections to the modified presentence investigation report. As set forth below, the United States recommends a sentence of time served, followed by one year of supervised release.

## ARGUMENT

*Framework*

Title 18 U.S.C. § 3553(a)(2) requires the Court to "impose a sentence sufficient, but not greater than necessary" to comply with the following purposes: (1) to reflect the seriousness of the offense; (2) to promote respect for the law; (3) to provide just punishment for the offense; (4) to afford adequate deterrence to criminal conduct; (5) to protect the public from further crimes of the defendant; and (6) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The Court is also required to consider "the nature and circumstances of the offense and the history and characteristics of the defendant," "the kinds of sentences available," the sentencing guidelines and policy statements, "the need to avoid unwarranted sentencing disparities," and "the need to provide restitution to victims." 18 U.S.C. § 3553(a)(1), (3)-(7).

*Recommendation*

Odilon Vades-de Jesus is a fifty-five year old native and citizen of Mexico. PSR, ¶ 8. He first entered the country without authorization in 2019. *Id.* On October 3, 2019, he was encountered by El Centro Sector Border Patrol agents, processed for expeditated removal, and removed from the United States on October 4, 2019, through the Calexcio, CA Port of Entry. *Id.* at ¶ 10. He crossed the border illegally again on October 5, 2019, and was removed a second time from the United States on October 6, 2019. *Id.* at ¶ 11. He crossed the border illegally again on October 8, 2019, and was removed a third time from the United States on October 9, 2019. *Id.* at ¶ 12.

When encountered in Havre, Montana, Mr. Valdes-de Jesus admitted that he had no immigration documents to be in the United States legally, and then later admitted he entered the United States without authorization a fourth time on or about July 15, 2020, near Eagle Pass, Texas. PSR, ¶¶ 13-17.

///

///

///

///

///

///

When evaluating the nature and circumstances of Valdes-de Jesus's specific offense, in conjunction with his history and characteristics, a sentence of time served, followed by one year of supervisory release, satisfies all of the § 3553(a) criteria and constitutes a sufficient but not greater than necessary sentence.

DATED this 14th day of July, 2025.

                                      KURT G. ALME
                                      United States Attorney

                                      */s/ Amanda L. Myers*
                                      AMANDA L. MYERS
                                      Assistant U. S. Attorney